IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2088-FL

| | | |
|---|---|---|
| BILLY RAY SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JONATHAN MINER and ERIC HOLDER, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a federal inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief. Also before the court are petitioner's motions to amend (DE # 4, 5).

Petitioner seeks to amend his pleadings to supplement his allegations and to change the caption on his April 27, 2012, pleading (DE # 4) from a petition for a writ of mandamus to a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Fed.R.Civ.P. 15(a)(1). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of

---

[1] Petitioner filed this action using the forms for both a petition pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254. However, § 2254 may only be used to challenge the validity of a state conviction. See e.g., Coady v. Vaughn, 251 F.3d 480, 484-85 (3rd Cir. 2001). Here, petitioner's filings challenge the execution of his sentence, which must be pursued pursuant to § 2241. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition".). Accordingly, the court construes this action as one pursuant to § 2241.

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). For good cause shown, petitioner's motions (DE #s 4, 5) are GRANTED.

The court now turns to its initial review of petitioner's pleadings. It does not clearly appear from the face of the petition that the petitioner is not entitled to relief, thus, the matter is allowed to proceed. The Clerk of Court is DIRECTED to maintain management of the matter.

SO ORDERED, this the ___ day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge